1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

8
9
10
11
12
13
14
15
16
17

| | |
|---|---|
| TYLER KUHK, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>PLAYSTUDIOS, INC., a Delaware corporation,<br><br>        Defendant. | Case No.<br><br>NOTICE OF REMOVAL |

18
19
20
21
22
23

## I.    NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Playstudios, Inc. ("Playstudios")[1] hereby removes the above-captioned action from the King County Superior Court, (Case No. 24-2-03889-2 SEA) to this Court on the grounds of diversity jurisdiction.  28 U.S.C. §§1332(a) and 1441(b).[2]   The following statement is submitted pursuant to 28 U.S.C. § 1446(a) and signed

24
25
26

---

[1] Playstudios, Inc. has been erroneously identified in the Complaint as the publisher of free-to-play casino-themed social games. Playstudios, Inc. does not publish those games. Rather, they are published by its wholly-owned subsidiary Playstudios US, LLC. *See* Exhibit C, Declaration of Joel Agena, ¶ 7.

[2] By removing this action, Playstudios does not admit any allegations in Plaintiff's Complaint and does not waive any rights or defenses available to it, including without limitation the right to move to dismiss under Rule 12(b) and/or to compel arbitration.

NOTICE OF REMOVAL - 1

pursuant to Rule 11 of the Federal Rules of Civil Procedure[3]:

## II.    PROCEDURAL HISTORY

1.      On February 20, 2024, Plaintiff Tyler Kuhk ("Plaintiff") filed this class action in King County Superior Court, Washington.  The state court designated the case No. 24-2-03889-2 SEA.  A true and correct copy of the Complaint and Summons are attached as **Exhibit A**.

2.      Defendant was served with a copy of the Complaint on February 29, 2024.

3.      This Notice of Removal has been served and filed within 30 days after service upon Defendant.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446.

3.      Plaintiff alleges that Defendant "sells in-app chips to consumers so they can play casino games online."  **Exhibit A**, Complaint, at page 3, para. 2.4.  Plaintiff further alleges that Defendant's mobile application offerings ("Apps") "mimic traditional casino games."  *Id.*

4.      Plaintiff alleges that "[c]onsumers visiting Playstudios' [sic] casinos for the first time are awarded free chips.  But once consumers lose the initial allotment, they cannot continue to play the game without busying more chips in Playstudios' [sic] electronic store."  **Exhibit A**, Complaint, at page 3, para. 2.6.

5.      Plaintiff filed a class action complaint, invoking Washington's "Recovery of money lost at gambling" statute, RCW § 4.24.070.  **Exhibit A**, Complaint, at page 5, para. 4.3.  Plaintiff, individually, and on behalf of others "similarly situated," seeks: (1) certification of this case as a class action, (2) the appointment of Plaintiff's counsel as Class Counsel, (3) injunctive relief under Washington's Consumer Protection Act, RCW § 19.86, (4) for declaratory relief against Defendant that its practice is illegal online gambling, (5) for treble damages under RCW

---

[3] The Defendant's Notice of Removal was previously filed in USDC on March 29, 2024 under Cause No. 2:24-cv-432 but was administratively closed due to a payment issue in Pacer.

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
(206) 695-5100

§ 19.86.090 and (6) for attorney fees.   **Exhibit A**, Complaint, at page 8, V. Prayer for Relief.

**III.    PARTIES**

5.      Plaintiff Tyler Kuhk is a resident of King County, Washington.  **Exhibit A**, Complaint, at page 1, ¶ 1.1

6.      Defendant Playstudios, Inc. is a Delaware Corporation.  It has its principal place of business in Las Vegas, Nevada.  Therefore, pursuant to 28 U.S.C. § 1332(c)(1), Playstudios is a Delaware citizen for purposes of diversity jurisdiction and removal.

7.      In his Complaint, Plaintiff claims damages among other requested relief.  **Exhibit A**, Complaint, at page 8, V. Prayer for Relief.  This Court has diversity jurisdiction as provided in 28 U.S.C. § 1332(a).

8.      Playstudios has consented to removal of this civil action.

9.      This Court is the United States District Court for the district and division in which King County Superior Court No. 24-2-03889-2 SEA is pending.

**IV.    BASIS OF REMOVAL: DIVERSITY JURISDICTION**

10.     Removal of this case is proper under 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a). Together, these statutes allow for the removal of any civil action between "citizens of different states" where the amount in controversy exceeds $75,000, provided that no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

11.     All requirements are met in this case. The amount in controversy exceeds $75,000, and there is complete diversity between Plaintiff and Playstudios.

12.     The "amount in controversy" element of diversity jurisdiction requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

13.     In determining whether the amount in controversy requirement is satisfied where, as here, there is an unspecified claim for damages, the removing defendant need only prove by a

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
(206) 695-5100

"preponderance of the evidence" that the amount in controversy exceeds the jurisdictional minimum. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996)). District courts "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Homesite Ins. Co. of the Midwest v. Howell*, No. 2:21-CV-01389-JHC, 2022 WL 16923312, at *1 (W.D. Wash. Nov. 14, 2022) (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010)).

14.     To meet its burden, the removing defendant may present additional evidence to establish that the amount in controversy exceeds $75,000, including affidavits, declarations, or other documentation. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995))).

15.     Here, while Plaintiff does not provide a dollar amount for the relief sought in the Complaint, pursuant to LCR 101(a), Playstudios has a good faith belief that Plaintiff seeks more than $75,000 in damages, which exceeds the jurisdictional amount for this Court to obtain diversity jurisdiction as provided in 28 U.S.C. §1332(a).  In this case, pursuant to RCW 4.24.070, Plaintiff seeks damages on his own behalf and damages on behalf of other Washington residents who utilized the Playstudios mobile Apps.

16.     The amount spent by numerous individuals for the time period within Plaintiff's Complaint is well in excess of $75,000.  The total amount spent by Washington players of Playstudios' free-to-play casino-themed social games from February 20, 2020 to February 20, 2024 (the relevant time period), which is the limitations period alleged by Plaintiff, far exceeds $75,000. **Exhibit C**, Declaration of Joel Agena, ¶ 6. For example, in-app purchases by Washington players of Playstudios' games for that period exceeded $5,000,000. *Id.* Accordingly, the amount of controversy requirement for removal is satisfied. Plaintiff also seeks enhanced damages under the Washington Consumer Protection Act ("CPA").  **Exhibit A,** Complaint, at page 1, ¶ 1.1.  Under

Gordon Rees Scully Mansukhani, LLP
Attorneys at Law
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
(206) 695-5100

1  the CPA, damages can be trebled up to $25,000. RCW §19.86.090.  The amount in controversy

2  should also include statutorily authorized attorney's fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d

3  1150, 1155 (9th Cir. 1998).  Plaintiff seeks attorney fees and costs, which further supports

4  Playstudios' good faith belief that the amount sought exceeds $75,000.  **Exhibit A**, Complaint, at

5  page 8, V. Prayer for Relief.  Accordingly, when the amount at issue relative to Plaintiff, plus

6  treble damages under the CPA ($25,000), and the attorney's fees are considered, the amount in

7  controversy is well above the jurisdictional limit of $75,000.

8  **V.    ALTERNATIVE BASIS OF REMOVAL: CLASS ACTION FAIRNESS ACT**

9        17.    Alternatively, Plaintiff's individual benefit, and therefore, removal is proper

10  because this Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C.

11  §§ 1332(d), 1453.

12        18.    CAFA provides for federal court jurisdiction over any "class action" where minimal

13  diversity exists, there are at least 100 members in the putative class, and "the matter in controversy

14  exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(1),

15  (2), (5); see also 28 U.S.C. § 1453(b).

16        19.    Congress enacted CAFA to address gamesmanship by lawyers who attempt to keep

17  interstate class actions out of federal court. S. Rep. No. 109-14, at 4–5 (2005). Congress "firmly

18  believe[d]" that interstate class actions "properly belong in federal court" because they "typically

19  involve more people, more money, and more interstate commerce ramifications than any other

20  type of lawsuit." *Id*. at 5.

21        20.    "CAFA's language favors federal jurisdiction over class actions," and "all doubts"

22  are to be "resolved 'in favor of exercising jurisdiction over the case.'" *Evans v. Walter Indus., Inc.*,

23  449 F.3d 1159, 1163 (11th Cir. 2006). Indeed, "no antiremoval presumption attends cases invoking

24  CAFA[.]" *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014).

25        21.    All of the jurisdictional requirements for CAFA are satisfied here.

26        22.    CAFA defines "class action" as "any civil action filed under rule 23 of the Federal

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
(206) 695-5100

1   Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action

2   to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

3   This definition "is to be interpreted liberally," consistent with the "overall intent" of CAFA: "to

4   strongly favor the exercise of federal diversity jurisdiction over class actions with interstate

5   ramifications." S. Rep. 109-14, at 35.

6       23.     Congress has also emphasized that, "[g]enerally speaking, lawsuits that resemble a

7   purported class action should be considered class actions for the purpose of applying" CAFA. S.

8   Rep. No. 109-14, at 34–35. A "class action" is ordinarily defined as a "lawsuit in which the court

9   authorizes a single person or a small group of people to represent the interests of a larger group."

10  Black's Law Dictionary; accord William B. Rubenstein, Newberg & Rubenstein on Class Actions

11  § 1.1 (6th ed.).

12      24.     Plaintiff has asserted claims against a non-Washington Defendant to recover sums

13  paid to it by a class of Washington residents and has done so under the guise of a class action

14  claim. **Exhibit A**, Complaint at pages 4-5.

15      25.     CAFA's remaining statutory requirements are also met. As explained above, at least

16  one member of the putative class is a citizen of a State different from at least one defendant. *See*

17  28 U.S.C. § 1332(d)(2)(A). Based on Playstudios' review of business records, there are more than

18  100 members of the putative class and the claims asserted on behalf of the putative class exceed

19  $5,000,000. **Exhibit C**, Decl. of Joel Agena at ¶¶ 5-6. *See* 28 U.S.C. § 1332(d)(2), (5)(b), (6).

20  Playstudios is not a State, State official, or other governmental entity. *See* 28 U.S.C. §

21  1332(d)(5)(A). And because Playstudios is a citizen of Washington, none of the exceptions to

22  CAFA jurisdiction applies. *See* 28 U.S.C. § 1332(d)(3)–(4).

23      26.     For these reasons, the Court has jurisdiction under the Class Action Fairness Act.

24      27.     As required by 28 U.S.C. § 1446(d) and affirmed in the attached Certificate of

25  Service, Defendant has served Plaintiff with this Notice of Removal.

26      28.     A copy of this Notice of Removal shall be promptly filed with the King County

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
(206) 695-5100

1  Superior Court.

2      29.    The documents included in **Exhibit B** constitute all of the known process, pleadings

3  and orders that have been served upon or by Defendant to date.

4      WHEREFORE, Defendant requests that the State Court Action be removed to this Court

5  pursuant to 28 U.S.C. §§ 1332 and §1441.

6

7  Dated: March 29, 2024                    GORDON REES SCULLY MANSUKHANI, LLP

8

9                                    By:    *S/Todd A. Bowers*
                                        _____
10                                       Todd A. Bowers, WSBA #24638
                                         701 Fifth Avenue, Suite 2100
11                                       Seattle, WA 98104
                                         Phone: (206) 695-5135
12                                       Fax:    (206) 689-2822
                                         tbowers@grsm.com

13                                       *Attorneys for Defendant*
                                         *PLAYSTUDIOS, INC.*
14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL - 7

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

FILED
2024 FEB 20 01:22 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-2-03889-2 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| TYLER KUHK, individually and on behalf of others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>PLAYSTUDIOS, INC., a Delaware corporation,<br><br>            Defendant. | No.<br><br>CLASS ACTION COMPLAINT |

16    Washington law strictly regulates and controls gambling to promote the social welfare

17  of its people, including by prohibiting companies from offering online gambling. Despite such

18  prohibition, Defendant PLAYSTUDIOS, Inc. ("Playstudios") profits from and engages

19  Washington consumers in internet casino-style gambling with downloadable software

20  applications. Plaintiff Tyler Kuhk brings this case, individually and on behalf of other similarly

21  situated consumers, against Playstudios to enjoin its operation of illegal online casino games

22

23  and to recover damages. Plaintiff alleges as follows:

24                    **I.    PARTIES & JURISDICTION**

25    1.1.    Plaintiff Tyler Kuhk is an individual residing in King County, Washington.

26

CLASS ACTION COMPLAINT – 1

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

1      1.2.    Defendant Playstudios is a corporation existing and organized under the laws

2 of Delaware with its principal place of business at 10150 Covington Cross Drive, Las Vegas,

3 NV 89144. Defendant does business in Washington, including in King County.

4      1.3.    Jurisdiction over Defendant is proper as Defendant transacts business in King

5 County, Washington.

6

7      1.4.    Venue is proper under RCW 4.12.020(3) because some or all of the events

8 giving rise to this action occurred in King County, Washington, and under RCW 4.12.025(1)

9 because Playstudios has done and continues to do business in King County, Washington.

## II.   FACTS

11      2.1.    The proliferation of Internet-connected mobile devices has led to the growth of

12 "free-to-play" video games, referring to a model by which the initial download of the game is

13 free, but companies profit by selling "in-game" items (sometimes called "micro-transactions"

14 or "in-app purchases").

15

16      2.2.    Developers of games of chance (e.g., poker, blackjack, slot machine mobile

17 videogames, among others) utilize this in-app purchase model to generate profit by exploiting

18 the same psychological triggers as casino operators do. Such games, despite their similarity to

19 casinos, are not regulated at the federal level. Instead, individual states, including Washington,

20 have set their own restrictions.

21

22      2.3.    Playstudios is a "global gaming studio" with a collection of free-to-play online

23 casino games.[1] These games are available to play on Android and Apple iOS devices as well

24 as on personal computers through social media sites.

---

[1] *Our Story*, PLAYSTUDIOS, https://www.playstudios.com/about-us/ (last visited January 21, 2024).

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

2.4.    Playstudios sells in-app chips to consumers so they can play casino games online. Playstudios's games, such as myVEGAS (described as "recreat[ing] a virtual version of the Las Vegas Strip"[2]), mimic traditional casino games. For instance, Pop! SlotsTM Vegas Casino Games ("Pop! Slots") and MGM Slots Live – Vegas Casino ("MGM Slots") allow consumers to wager by "spinning" a slot machine.

2.5.    Playstudios has profited through these online casino games.

2.6.    Consumers visiting Playstudios's casinos for the first time are awarded free chips. But once consumers lose the initial allotment, they cannot continue to play the game without buying more chips in Playstudios's electronic store.

2.7.    The outcomes of Playstudios's games are based on chance. For instance, in Playstudios's slot machine games, once a consumer has pressed the "SPIN" button, no further action on their part is required.

2.8.    Since 2019, Plaintiff Kuhk has been playing Playstudios's games, including Pop! Slots, on his iPhone. After losing the balance of his initial allocation of free chips, he purchased chips from the electronic store.

2.9.    Thereafter, Kuhk continued playing Playstudios's games where he would wager chips for the chance of winning additional chips. Since 2019, Kuhk wagered and lost money at Playstudios's games of chance.

## III.    CLASS ALLEGATIONS

3.1.    This action has been brought and may properly be maintained as a class action under Civil Rules 23(a), 23(b)(2), and 23(b)(3).

---

[2] *Id.*

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

3.2.    **Class Definition:** Plaintiff Kuhk brings this action on behalf of himself and all other consumers similarly situated ("the Class"), defined as follows:

> All persons in the State of Washington who purchased chips or other items of value from Playstudios, excluding Defendant's officers, directors, legal representatives, heirs, successors or assigns thereof, and any judicial officers assigned to this matter and their immediate families.

3.3.    **Numerosity:** On information and belief, the Class is so numerous that joinder of all individual members is impracticable.

3.4.    **Commonality and Predominance:** There are questions of law and fact common to the Class, and those questions predominate over any questions that may affect individual members. These include, but are not limited to: whether Playstudios games are "gambling," as defined by RCW 9.46.0237; whether Defendant is the proprietor for whose benefit the online casino games are played; whether Plaintiff and each member of the Class lost money or anything of value by gambling; whether Defendant violated Washington's Consumer Protection Act, RCW 19.86, *et seq.*; and whether Defendant has been unjustly enriched as a result of its conduct.

3.5.    **Typicality:** Plaintiff's claims are typical of the claims of the Class in that Plaintiff sustained damages arising out of the same common course of wrongful conduct and are based on the same legal and remedial theories.

3.6.    **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class. He shares the same interests as all Class members and has retained competent class counsel who are experienced in class action litigation.

3.7.    **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The harm suffered by individual members of the Class is likely to have been relatively small compared to the burden and expense of prosecuting

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

individual actions. Absent a class action, it would be difficult if not impossible for the individual members to obtain effective relief. Moreover, the Court system would benefit from a class action. Individualized litigation would increase the delay and expense by requiring duplicative consideration of the legal and factual issues. Additionally, individualized litigation would present the potential for inconsistent or contradictory judgments. By contrast, the class action device presents fewer management difficulties and allows comprehensive supervision by a single court.

3.8.    Defendant has acted or refused to act on grounds generally applicable to all members of the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct towards members of the Class and making final injunctive relief appropriate with respect to the Class as a whole.

## IV.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### RCW 4.24.070

4.1.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

4.2.    Plaintiff, members of the Class, and Defendant are all "persons" as defined by RCW 9.46.0289.

4.3.    Washington's "Recovery of money lost at gambling" statute, RCW 4.24.070, provides that "all persons losing money or anything of value at or on any illegal gambling games shall have a cause of action to recover from the dealer or player winning, or from the proprietor for whose benefit such game was played or dealt, or such money or things of value won, the amount of the money or the value of the thing so lost."

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

4.4.    "Gambling" as defined by RCW 9.46.0237 means "staking or risking something of value upon the outcome of a contest of chance or a future contingent event not under the person's control or influence."

4.5.    Defendant's "chips" sold for use in its online casino games are "thing[s] of value" under RCW 9.46.0285.

4.6.    Defendant's games are illegal gambling games because players wager things of value and, by an element of chance, are able to either win chips that allow continued play or lose chips that, once gone, must be purchased back for continued play.

4.7.    Defendant is the proprietor for whose benefit the online gambling games are played because it operates these games and/or derives profit from their operation.

4.8.    As a direct and proximate result of Defendant's operation of its online casino games, Plaintiff Kuhk and each member of the Class have lost money playing Defendant's games of chance. Plaintiff Kuhk, on behalf of himself and the Class, seeks an order that (1) requires Defendant to cease the operation of its gambling games; and (2) awards the recovery of all lost monies and things of value, interest, and reasonable attorneys' fees, expenses, and costs to the extent allowable by law.

## SECOND CAUSE OF ACTION
**Violations of Washington's Consumer Protection Act, RCW 19.86.010, *et seq.***

4.9.    Plaintiff incorporates the foregoing allegations as if fully set forth within.

4.10.    Washington's Consumer Protection Act, RCW 19.86, *et seq.* ("CPA"), protects both consumers and competitors by promoting fair competition in commercial markets for goods and services. The CPA prohibits any person from using "unfair methods of competition or unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." RCW 19.86.020.

CLASS ACTION COMPLAINT – 6

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

4.11. Defendant engaged in unfair and deceptive practices with Plaintiff and each member of the Class by operating illegal online gambling games as described above.

4.12. Defendant's wrongful conduct occurred in trade and/or commerce, given that Defendant was engaged in the operation of making computer games available to the public for profit.

4.13. Defendant's actions impact the public interest because Defendant, in the course of its business, advertised to and solicited the general public in Washington state to play its unlawful online casino games of chance. This was part of a pattern or generalized course of conduct on Defendant's part, many consumers have been adversely affected by Defendant's conduct, and the public is at risk.

4.14. As a result of Defendant's conduct, Plaintiff and Class members were injured in their business or property in that they lost money and other things of value wagering on Defendant's unlawful games of chance.

4.15. Plaintiff's and the Class members' injuries would not have occurred but for Defendant's actions.

4.16. Plaintiff, on his own and on behalf of the Class, seeks to enjoin further violation and to recover actual damages and treble damages, together with the costs of suit, including reasonable attorneys' fees.

### THIRD CAUSE OF ACTION
### Unjust Enrichment

4.17. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

4.18. Plaintiff and the Class have conferred a benefit upon Defendant in the form of money and other things of value Defendant received from them for the purchase of chips to wager on its online casino games.

CLASS ACTION COMPLAINT – 7

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

1    4.19.   Defendant appreciates and/or has knowledge of the benefits conferred upon

2  them by Plaintiff and the Class.

3    4.20.   Under principles of justice and equity, Defendant should not be permitted to

4  retain the money belonging to Plaintiff and the members of the Class, unjustly obtained as a

5  result of its unlawful operation of online gambling games.

6

7    4.21.   Accordingly, Plaintiff and the Class seek full disgorgement and restitution of

8  any money Defendant has retained as a result of the unlawful and/or wrongful conduct alleged

9  herein.

10              **V.   PRAYER FOR RELIEF**

11    WHEREFORE, Plaintiff Tyler Kuhk, individually and on behalf of all others similarly

12  situated, prays:

13    a)    For certification of this case as a class action on behalf of the Class defined

14  above, appointing Tyler Kuhk as representative of the Class, and appointing his counsel as

15

16  Class Counsel;

17    b)    For judgment against Defendant for actual damages suffered by Plaintiff and

18  each member of the Class;

19    c)    For injunctive relief under the CPA against ongoing practices contrary to law;

20    d)    For declaratory relief against Defendant to stop its practice of operating illegal

21  online gambling games;

22

23    e)    For treble damages under RCW 19.86.090;

24    f)    For restitution to Plaintiff and Class members in an amount to be determined at

25  trial, and requiring disgorgement of all benefits that Defendant unjustly received;

26    g)    For reasonable attorneys' fees and expenses;

CLASS ACTION COMPLAINT – 8

1      h)      For pre- and post-judgment interest; and

2      i)      For such other and further relief as equity and justice require.

3      DATED this 20th day of February, 2024.

4                                      SCHROETER GOLDMARK & BENDER

5

6      _____

7                                      HONG (CHEN-CHEN) JIANG, WSBA #51914
                                       LINDSAY L. HALM, WSBA #37141
8                                      ADAM J. BERGER, WSBA #20714

9                                      *Counsel for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CLASS ACTION COMPLAINT  – 9                    SCHROETER, GOLDMARK & BENDER
                                               401 Union Street • Suite 3400 • Seattle, WA 98101
                                               Phone (206) 622-8000 • Fax (206) 682-2305

FILED
2024 FEB 20 01:22 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-2-03889-2 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| TYLER KUHK, individually and on behalf of others similarly situated, | No. |
| Plaintiffs, | SUMMONS |
| v. | |
| PLAYSTUDIOS, INC., a Delaware corporation, | |
| Defendant. | |

TO:     PLAYSTUDIOS, INC.:

A lawsuit has been started against you in the above-entitled Court by plaintiff. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against the lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorneys for the plaintiffs within 20 days after the service of this Summons, or within 60 days if this Summons was served outside the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney,

SUMMONS – 1

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

1    you are entitled to notice before a default judgment may entered.

2         You may demand that the plaintiff file the lawsuit with the Court. If you do so, the demand

3    must be in writing and must be served upon the plaintiff. Within 14 days after the service of the

4    demand, the plaintiff must file this lawsuit with the court, or the service on you of this Summons

5    and Complaint will be void.

6         If you wish to seek the advice of an attorney in this matter, you should do so promptly so

7    that your written response, if any, may be served on time.

8

9         This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

10   of Washington.

11        DATED this 20th day of February, 2024.

12                                 SCHROETER GOLDMARK & BENDER

13

14

15                                 HONG (CHEN-CHEN) JIANG, WSBA #51914
                                   LINDSAY L. HALM, WSBA #37141
16                                 ADAM J. BERGER, WSBA #20714
                                   Counsel for Plaintiff

17

18

19

20

21

22

23

24

25

26

SUMMONS – 2                                SCHROETER, GOLDMARK & BENDER
                                           401 Union Street • Suite 3400 • Seattle, WA  98101
                                           Phone (206) 622-8000 • Fax (206) 682-2305

# EXHIBIT B

1

2

3

4

5

6

7

8                    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                              IN AND FOR KING COUNTY
9

10

11   TYLER KUHK, individually and on behalf        NO.  24-2-03889-2 SEA
     of others similarly situated,
12                                                 **VERIFICATION OF COMPLETENESS**
                              Plaintiffs,
13
           vs.
14
     PLAYSTUDIOS, INC., a Delaware
15   corporation.
16
                              Defendants.
17

18

19   TO:          The Clerk of the Court;

20   AND TO:      All Parties and Their Counsel of Record.

21          I AFFIRM AND VERIFY that the attached documents entitled collectively "Exhibit B"

22   are true, complete and correct copies of all records and proceedings from the state court

23   proceeding in this matter, Tyler Kuhk, v. Playstudios, Inc., King County Cause No. 24-2-03889-

24   2 SEA.

25   ///

26

27

28

VERIFICATION OF COMPLETENESS - 1

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

1

2    Dated:  March 29, 2024                    GORDON REES SCULLY MANSUKHANI, LLP

3                                                    *S/Todd A. Bowers*

4                                         By: _____
                                              Todd A. Bowers, WSBA #24638
5                                              701 Fifth Avenue, Suite 2100
                                              Seattle, WA 98104
6                                              Phone: (206) 695-5135
                                              Fax: (206) 689-2822
7                                              tbowers@grsm.com
8                                              *Attorneys for Defendant*
                                              *PLAYSTUDIOS, INC.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFICATION OF COMPLETENESS - 2

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

# CERTIFICATE OF SERVICE

The undersigned certifies that on this date, the foregoing document was served upon the following parties in the manner indicated below:

| | |
|---|---|
| Hong (Chen-Chen) Jiang, WSBA #51914 | ☐ U.S. Mail, Postage Prepaid |
| Lindsay L. Halm, WSBA #37141 | ☐ Legal Messenger |
| Adam J. Berger, WSBA #20714 | ☒ E-Mail |
| SCHROETER, GOLDMARK & BENDER | ☐ KCSC Mandatory E-Service |

401 Union Street, Suite 3400
Seattle, WA 98101
Phone: (206) 622-8000
Fax: (206) 682-2305
Email: jiang@sgb-law.com
　　　halm@sgb-law.com
　　　berger@sgb-law.com

*Counsel for Plaintiff*

Dated: March 29, 2024

*s/ Julie Larm-Bazzill*
Julie Larm-Bazzill, Legal Assistant

VERIFICATION OF COMPLETENESS - 3

1
2
3
4

FILED
2024 FEB 20 01:22 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-2-03889-2 SEA

5
6
7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

8
9

TYLER KUHK, individually and on behalf
of others similarly situated,

No.

10                        Plaintiffs,          CLASS ACTION COMPLAINT

11          v.

12      PLAYSTUDIOS, INC., a Delaware
corporation,

13                        Defendant.

14

15

16          Washington law strictly regulates and controls gambling to promote the social welfare

17      of its people, including by prohibiting companies from offering online gambling. Despite such

18      prohibition, Defendant PLAYSTUDIOS, Inc. ("Playstudios") profits from and engages

19      Washington consumers in internet casino-style gambling with downloadable software

20      applications. Plaintiff Tyler Kuhk brings this case, individually and on behalf of other similarly

21      situated consumers, against Playstudios to enjoin its operation of illegal online casino games

22      and to recover damages. Plaintiff alleges as follows:

23

24                              I.    PARTIES & JURISDICTION

25          1.1.    Plaintiff Tyler Kuhk is an individual residing in King County, Washington.

26

CLASS ACTION COMPLAINT – 1

1.2.    Defendant Playstudios is a corporation existing and organized under the laws of Delaware with its principal place of business at 10150 Covington Cross Drive, Las Vegas, NV 89144. Defendant does business in Washington, including in King County.

1.3.    Jurisdiction over Defendant is proper as Defendant transacts business in King County, Washington.

1.4.    Venue is proper under RCW 4.12.020(3) because some or all of the events giving rise to this action occurred in King County, Washington, and under RCW 4.12.025(1) because Playstudios has done and continues to do business in King County, Washington.

## II.    FACTS

2.1.    The proliferation of Internet-connected mobile devices has led to the growth of "free-to-play" video games, referring to a model by which the initial download of the game is free, but companies profit by selling "in-game" items (sometimes called "micro-transactions" or "in-app purchases").

2.2.    Developers of games of chance (e.g., poker, blackjack, slot machine mobile videogames, among others) utilize this in-app purchase model to generate profit by exploiting the same psychological triggers as casino operators do. Such games, despite their similarity to casinos, are not regulated at the federal level. Instead, individual states, including Washington, have set their own restrictions.

2.3.    Playstudios is a "global gaming studio" with a collection of free-to-play online casino games.[1] These games are available to play on Android and Apple iOS devices as well as on personal computers through social media sites.

---

[1] *Our Story*, PLAYSTUDIOS, https://www.playstudios.com/about-us/ (last visited January 21, 2024).

CLASS ACTION COMPLAINT  – 2

2.4.    Playstudios sells in-app chips to consumers so they can play casino games online. Playstudios's games, such as myVEGAS (described as "recreat[ing] a virtual version of the Las Vegas Strip"[2]), mimic traditional casino games. For instance, Pop! SlotsTM Vegas Casino Games ("Pop! Slots") and MGM Slots Live – Vegas Casino ("MGM Slots") allow consumers to wager by "spinning" a slot machine.

2.5.    Playstudios has profited through these online casino games.

2.6.    Consumers visiting Playstudios's casinos for the first time are awarded free chips. But once consumers lose the initial allotment, they cannot continue to play the game without buying more chips in Playstudios's electronic store.

2.7.    The outcomes of Playstudios's games are based on chance. For instance, in Playstudios's slot machine games, once a consumer has pressed the "SPIN" button, no further action on their part is required.

2.8.    Since 2019, Plaintiff Kuhk has been playing Playstudios's games, including Pop! Slots, on his iPhone. After losing the balance of his initial allocation of free chips, he purchased chips from the electronic store.

2.9.    Thereafter, Kuhk continued playing Playstudios's games where he would wager chips for the chance of winning additional chips. Since 2019, Kuhk wagered and lost money at Playstudios's games of chance.

### III.    CLASS ALLEGATIONS

3.1.    This action has been brought and may properly be maintained as a class action under Civil Rules 23(a), 23(b)(2), and 23(b)(3).

---

[2] *Id.*

CLASS ACTION COMPLAINT – 3

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

3.2.    **Class Definition:** Plaintiff Kuhk brings this action on behalf of himself and all other consumers similarly situated ("the Class"), defined as follows:

> All persons in the State of Washington who purchased chips or other items of value from Playstudios, excluding Defendant's officers, directors, legal representatives, heirs, successors or assigns thereof, and any judicial officers assigned to this matter and their immediate families.

3.3.    **Numerosity:** On information and belief, the Class is so numerous that joinder of all individual members is impracticable.

3.4.    **Commonality and Predominance:** There are questions of law and fact common to the Class, and those questions predominate over any questions that may affect individual members. These include, but are not limited to: whether Playstudios games are "gambling," as defined by RCW 9.46.0237; whether Defendant is the proprietor for whose benefit the online casino games are played; whether Plaintiff and each member of the Class lost money or anything of value by gambling; whether Defendant violated Washington's Consumer Protection Act, RCW 19.86, *et seq.*; and whether Defendant has been unjustly enriched as a result of its conduct.

3.5.    **Typicality:** Plaintiff's claims are typical of the claims of the Class in that Plaintiff sustained damages arising out of the same common course of wrongful conduct and are based on the same legal and remedial theories.

3.6.    **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class. He shares the same interests as all Class members and has retained competent class counsel who are experienced in class action litigation.

3.7.    **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The harm suffered by individual members of the Class is likely to have been relatively small compared to the burden and expense of prosecuting

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

individual actions. Absent a class action, it would be difficult if not impossible for the individual members to obtain effective relief. Moreover, the Court system would benefit from a class action. Individualized litigation would increase the delay and expense by requiring duplicative consideration of the legal and factual issues. Additionally, individualized litigation would present the potential for inconsistent or contradictory judgments. By contrast, the class action device presents fewer management difficulties and allows comprehensive supervision by a single court.

3.8.    Defendant has acted or refused to act on grounds generally applicable to all members of the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct towards members of the Class and making final injunctive relief appropriate with respect to the Class as a whole.

## IV.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### RCW 4.24.070

4.1.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

4.2.    Plaintiff, members of the Class, and Defendant are all "persons" as defined by RCW 9.46.0289.

4.3.    Washington's "Recovery of money lost at gambling" statute, RCW 4.24.070, provides that "all persons losing money or anything of value at or on any illegal gambling games shall have a cause of action to recover from the dealer or player winning, or from the proprietor for whose benefit such game was played or dealt, or such money or things of value won, the amount of the money or the value of the thing so lost."

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

4.4.    "Gambling" as defined by RCW 9.46.0237 means "staking or risking something of value upon the outcome of a contest of chance or a future contingent event not under the person's control or influence."

4.5.    Defendant's "chips" sold for use in its online casino games are "thing[s] of value" under RCW 9.46.0285.

4.6.    Defendant's games are illegal gambling games because players wager things of value and, by an element of chance, are able to either win chips that allow continued play or lose chips that, once gone, must be purchased back for continued play.

4.7.    Defendant is the proprietor for whose benefit the online gambling games are played because it operates these games and/or derives profit from their operation.

4.8.    As a direct and proximate result of Defendant's operation of its online casino games, Plaintiff Kuhk and each member of the Class have lost money playing Defendant's games of chance. Plaintiff Kuhk, on behalf of himself and the Class, seeks an order that (1) requires Defendant to cease the operation of its gambling games; and (2) awards the recovery of all lost monies and things of value, interest, and reasonable attorneys' fees, expenses, and costs to the extent allowable by law.

## SECOND CAUSE OF ACTION
### Violations of Washington's Consumer Protection Act, RCW 19.86.010, *et seq.*

4.9.    Plaintiff incorporates the foregoing allegations as if fully set forth within.

4.10.    Washington's Consumer Protection Act, RCW 19.86, *et seq.* ("CPA"), protects both consumers and competitors by promoting fair competition in commercial markets for goods and services. The CPA prohibits any person from using "unfair methods of competition or unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." RCW 19.86.020.

CLASS ACTION COMPLAINT – 6

4.11.   Defendant engaged in unfair and deceptive practices with Plaintiff and each member of the Class by operating illegal online gambling games as described above.

4.12.   Defendant's wrongful conduct occurred in trade and/or commerce, given that Defendant was engaged in the operation of making computer games available to the public for profit.

4.13.   Defendant's actions impact the public interest because Defendant, in the course of its business, advertised to and solicited the general public in Washington state to play its unlawful online casino games of chance. This was part of a pattern or generalized course of conduct on Defendant's part, many consumers have been adversely affected by Defendant's conduct, and the public is at risk.

4.14.   As a result of Defendant's conduct, Plaintiff and Class members were injured in their business or property in that they lost money and other things of value wagering on Defendant's unlawful games of chance.

4.15.   Plaintiff's and the Class members' injuries would not have occurred but for Defendant's actions.

4.16.   Plaintiff, on his own and on behalf of the Class, seeks to enjoin further violation and to recover actual damages and treble damages, together with the costs of suit, including reasonable attorneys' fees.

## THIRD CAUSE OF ACTION
### Unjust Enrichment

4.17.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

4.18.   Plaintiff and the Class have conferred a benefit upon Defendant in the form of money and other things of value Defendant received from them for the purchase of chips to wager on its online casino games.

CLASS ACTION COMPLAINT – 7

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

1    4.19.    Defendant appreciates and/or has knowledge of the benefits conferred upon

2    them by Plaintiff and the Class.

3    4.20.    Under principles of justice and equity, Defendant should not be permitted to

4    retain the money belonging to Plaintiff and the members of the Class, unjustly obtained as a

5    result of its unlawful operation of online gambling games.

6

7    4.21.    Accordingly, Plaintiff and the Class seek full disgorgement and restitution of

8    any money Defendant has retained as a result of the unlawful and/or wrongful conduct alleged

9    herein.

10                                **V.    PRAYER FOR RELIEF**

11    WHEREFORE, Plaintiff Tyler Kuhk, individually and on behalf of all others similarly

12    situated, prays:

13    a)    For certification of this case as a class action on behalf of the Class defined

14    above, appointing Tyler Kuhk as representative of the Class, and appointing his counsel as

15    Class Counsel;

16

17    b)    For judgment against Defendant for actual damages suffered by Plaintiff and

18    each member of the Class;

19    c)    For injunctive relief under the CPA against ongoing practices contrary to law;

20    d)    For declaratory relief against Defendant to stop its practice of operating illegal

21    online gambling games;

22

23    e)    For treble damages under RCW 19.86.090;

24    f)    For restitution to Plaintiff and Class members in an amount to be determined at

25    trial, and requiring disgorgement of all benefits that Defendant unjustly received;

26    g)    For reasonable attorneys' fees and expenses;

CLASS ACTION COMPLAINT – 8

1    h)    For pre- and post-judgment interest; and

2    i)    For such other and further relief as equity and justice require.

3    DATED this 20th day of February, 2024.

4
                                    SCHROETER GOLDMARK & BENDER
5

6
                                    HONG (CHEN-CHEN) JIANG, WSBA #51914
7                                   LINDSAY L. HALM, WSBA #37141
8                                   ADAM J. BERGER, WSBA #20714

9                                   *Counsel for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

FILED

2024 FEB 20 01:22 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-2-03889-2 SEA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR THE COUNTY OF KING

Tyler Kuhk

VS

Playstudios

No. 24-2-03889-2  SEA

**CASE INFORMATION COVER SHEET AND AREA DESIGNATION**

(CICS)

### CAUSE OF ACTION

CPA - Consumer Protection Act

### AREA OF DESIGNATION

SEA

Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

FILED
2024 FEB 20 01:22 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-2-03889-2 SEA

### IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
### FOR THE COUNTY OF KING

| | |
|---|---|
| Tyler Kuhk | No. 24-2-03889-2  SEA |
| VS | **ORDER SETTING CIVIL CASE SCHEDULE** |
| Playstudios | **ASSIGNED JUDGE: Jim Rogers, Dept. 45**<br>FILED DATE: 02/20/2024<br>TRIAL DATE:02/24/2025 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $250 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $400 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 02/20/2024 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$250 arbitration fee must be paid** | 07/30/2024 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on Page 2]. | 07/30/2024 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)]. | 08/13/2024 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(k)]. | 09/23/2024 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [See KCLCR 26(k)]. | 11/04/2024 |
| | **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)]. | 11/18/2024 |
| | **DEADLINE** for a Change in Trial Date [See KCLCR 40(e)(2)]. | 11/18/2024 |
| | **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)]. | 01/06/2025 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | 01/27/2025 |
| | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [KCLCR 4(j)]. | 02/03/2025 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 02/03/2025 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | 02/10/2025 |
| * | Joint Statement of Evidence [See KCLCR 4 (k)] | 02/18/2025 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 02/18/2025 |
| | Trial Date [See KCLCR 40]. | 02/24/2025 |

The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:    02/20/2024

Feta Shah

PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

### READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.

This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

### THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.

#### A. Joint Confirmation regarding Trial Readiness Report

No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

#### B. Settlement/Mediation/ADR

a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

#### C. Trial

Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

### MOTIONS PROCEDURES

#### A. Noting of Motions

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements.

Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B.  Original Documents/Working Copies/ Filing of Documents:  All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court.** Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**

Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

Teta Shah
_____
PRESIDING JUDGE

FILED
2024 FEB 20 01:22 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-2-03889-2 SEA

1

2

3

4

5

6

7    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

8

9    TYLER KUHK, individually and on behalf
of others similarly situated,                              No.

10                                    Plaintiffs,            SUMMONS

11    v.

12    PLAYSTUDIOS, INC., a Delaware
corporation,

13

14                                    Defendant.

15

16    TO:    PLAYSTUDIOS, INC.:

17        A lawsuit has been started against you in the above-entitled Court by plaintiff.

18    Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with

19    this Summons.

20        In order to defend against the lawsuit, you must respond to the complaint by stating your

21    defense in writing, and serve a copy upon the undersigned attorneys for the plaintiffs within 20

22    days after the service of this Summons, or within 60 days if this Summons was served outside the

23    State of Washington, excluding the day of service, or a default judgment may be entered against

24    you without notice. A default judgment is one where the plaintiff is entitled to what he asks for

25    because you have not responded. If you serve a notice of appearance on the undersigned attorney,

26

SUMMONS – 1

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

1  you are entitled to notice before a default judgment may entered.

2      You may demand that the plaintiff file the lawsuit with the Court. If you do so, the demand

3  must be in writing and must be served upon the plaintiff. Within 14 days after the service of the

4  demand, the plaintiff must file this lawsuit with the court, or the service on you of this Summons

5  and Complaint will be void.

6

7      If you wish to seek the advice of an attorney in this matter, you should do so promptly so

8  that your written response, if any, may be served on time.

9      This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

10  of Washington.

11      DATED this 20th day of February, 2024.

12                    SCHROETER GOLDMARK & BENDER

13

14

15                    HONG (CHEN-CHEN) JIANG, WSBA #51914
                        LINDSAY L. HALM, WSBA #37141

16                    ADAM J. BERGER, WSBA #20714
                        Counsel for Plaintiff

17

18

19

20

21

22

23

24

25

26

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

1

FILED
2024 FEB 23 02:46 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-2-03889-2 SEA

2

3

4

5

6

7         IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
          IN AND FOR THE COUNTY OF KING

8

9   TYLER KUHK, individually and on behalf
    of others similarly situated,                    No. 24-2-03889-2 SEA

10                          Plaintiffs,              AFFIDAVIT OF COMPLIANCE

11      v.

12  PLAYSTUDIOS, INC., a Delaware
    corporation,

13
                            Defendant.
14

15

16  STATE OF WASHINGTON )
                        ) ss.
17  COUNTY OF KING      )

18      Daena Temkova, being first duly sworn upon oath, deposes and says:

19      1.      I am a legal assistant at the law firm of Schroeter, Goldmark & Bender.

20      2.      I have made diligent effort and have determined that service cannot be made

21  within the State of Washington upon Defendant Playstudios, Inc. Therefore, service will be made

22  upon defendant pursuant to RCW 4.28.185 outside the State of Washington.

23

24  //

25  //

26

AFFIDAVIT OF COMPLIANCE – 1                    SCHROETER, GOLDMARK & BENDER
                                               401 Union Street • Suite 3400 • Seattle, WA  98101
                                               Phone (206) 622-8000 • Fax (206) 682-2305

1  3.  The defendant is subject to the jurisdiction of this court as provided in RCW

2 4.28.185 for transacting business and committing tortious acts within the State of Washington.

3

4

5           DAENA TEMKOVA

6  SUBSCRIBED AND SWORN to before me this 22nd day of February, 2024.

7

8         NOTARY PUBLIC in and for the state of

9         Washington, residing at Lynwood

10         My Commission Expires 1/23/2027

          Print Name: Robert Ylitalo

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AFFIDAVIT OF COMPLIANCE – 2

1

2

3

4

5

6

7

8

9

10

FILED
2024 MAR 08 09:38 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-2-03889-2 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| 11    TYLER KUHK, individually and on behalf of others similarly situated,<br><br>               Plaintiffs,<br><br>    vs.<br><br>PLAYSTUDIOS, INC., a Delaware corporation.<br><br>             Defendants. | NO. 24-2-03889-2 SEA<br><br>**NOTICE OF APPEARANCE** |

11

12

13

14

15

16

17

18

19   TO:        The Clerk of the Court;

20   AND TO:    All Parties and Their Counsel of Record.

21        PLEASE TAKE NOTICE that Todd A. Bowers of Gordon Rees Scully Mansukhani, LLP,

22   reserving all defenses, hereby enters his  appearance as counsel of record for defendant

23   PLAYSTUDIOS, INC. for all purposes in the above-captioned proceeding.

24        The undersigned request that all further papers and pleadings, except original process, be

25   served at the address below. This Notice of Appearance is entered without waiver of any and all

26   defenses, including but not limited to any and all jurisdictional defenses.

27   ///

28   ///

NOTICE OF APPEARANCE -1

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

1

2    Dated:  March 8, 2024                     GORDON REES SCULLY MANSUKHANI, LLP

3                                                        *S/Todd A. Bowers*

4                                             By:  _____
                                                   Todd A. Bowers, WSBA #24638
5                                                  701 Fifth Avenue, Suite 2100
                                                   Seattle, WA 98104
6                                                  Phone: (206) 695-5135
                                                   Fax: (206) 689-2822
7                                                  sturner@grsm.com
                                                   *Attorneys for Defendant*
8                                                  *PLAYSTUDIOS, INC.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF APPEARANCE -2

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

1

**CERTIFICATE OF SERVICE**

2          The undersigned certifies that on this date, the foregoing document was filed with the

3    King County Superior Court Efiling and served upon the following parties in the manner

4    indicated below:

5
Hong (Chen-Chen) Jiang, WSBA #51914          ☑ U.S. Mail, Postage Prepaid
6    Lindsay L. Halm, WSBA #37141                ☐ Legal Messenger
Adam J. Berger, WSBA #20714                 ☑ E-Mail
7    SCHROETER, GOLDMARK & BENDER               ☑ KCSC Mandatory E-Service
8    401 Union Street, Suite 3400
Seattle, WA 98101
9    Phone: (206) 622-8000
Fax: (206) 682-2305
10   Email: jiang@sgb-law.com
11        halm@sgb-law.com
berger@sgb-law.com
12
*Counsel for Plaintiff*
13

14
Dated: March 8, 2024
15
                                        s/ Jacqueline Burrell
16                                        Jacqueline Burrell, Legal Assistant

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF APPEARANCE -3

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

FILED

2024 MAR 21
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 24-2-03889-2 SEA

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF KING

TYLER KUHK, individually and on behalf of others
similarly situated,

                              Plaintiff(s),

Vs.

PLAYSTUDIOS, INC., a Delaware corporation,

                           Defendant(s).

NO. 24-2-03889-2 SEA

AFFIDAVIT OF SERVICE OF: SUMMONS; CLASS
ACTION COMPLAINT; CASE INFORMATION
COVER SHEET AND AREA DESIGNATION; ORDER
SETTING CIVIL CASE SCHEDULE; AFFIDAVIT OF
COMPLIANCE.

STATE OF DELAWARE    )
                            ) ss.
COUNTY OF NEW CASTLE  )

The undersigned, being first duly sworn, on oath states:

       That I am now, and at all times herein mentioned, was a citizen of the United States and a
resident of the State of Delaware, over the age of 18 years, not a party to or interested in the above
entitled action, and am competent to be a witness therein.

       That at 4:00 P.M. on February 29th, 2024, at 3500 South Dupont Highway, Dover, Delaware, I
duly served the above-described documents in the above-described matter upon Playstudios, Inc., by then
and there personally delivering a true and correct copy thereof by leaving the same with Joshua Dehart,
Corporate Specialist for Incorporation Services, Ltd., its Registered Agent, being a Caucasian male,
approximately 35 years old, 5'8, 180lbs, and with brown hair, who stated that he was authorized to
accept.

                                                  3/1/2024
                        SHARLENE BROOKS

Service Fees:
Ferry tolls:
Travel:
SSA:
Trace:
Bad Address:
Aff./Notary Fee:
Special Fee:
Wait:

   TOTAL  $(see invoice)

SUBSCRIBED AND SWORN to before me on: March 1, 2024

NOTARY PUBLIC in and for the State
of Delaware residing at: Wilmington, DE
My commission expires: March 31, 2024

KIMBERLY J. RYAN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires March 31, 2024

1
2
3
4
5
6
7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

8
9

TYLER KUHK, individually and on behalf
of others similarly situated,

No. 24-2-03889-2 SEA

10

                                Plaintiffs,

SUMMONS

11

    v.

12
13

PLAYSTUDIOS, INC., a Delaware
corporation,

14

                                Defendant.

15
16

TO:    PLAYSTUDIOS, INC.:

17

    A lawsuit has been started against you in the above-entitled Court by plaintiff.

18

Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with

19

this Summons.

20
21

    In order to defend against the lawsuit, you must respond to the complaint by stating your

22

defense in writing, and serve a copy upon the undersigned attorneys for the plaintiffs within 20

23

days after the service of this Summons, or within 60 days if this Summons was served outside the

24

State of Washington, excluding the day of service, or a default judgment may be entered against

25

you without notice. A default judgment is one where the plaintiff is entitled to what he asks for

26

because you have not responded. If you serve a notice of appearance on the undersigned attorney,

SUMMONS – 1

# EXHIBIT C

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| TYLER KUHK, individually and on behalf of others similarly situated, | Case No. 24-2-03889-2 SEA |
| Plaintiff, | DECLARATION OF JOEL AGENA |
| vs. | |
| PLAYSTUDIOS, INC., a Delaware corporation, | |
| Defendant. | |

## <u>DECLARATION OF JOEL AGENA</u>

I, Joel Agena, declare and state as follows:

1.      I am the General Counsel and Secretary at Playstudios US, LLC. I am over eighteen years of age and am competent to make this declaration. I make this declaration based on personal knowledge, the books and records of Playstudios, and information reported to me in the ordinary course of business by individuals with a business duty to accurately report that information.

2.      Playstudios is a limited liability company incorporated in Delaware and headquartered in Nevada. Playstudios specializes in the development and publication of mobile games, including casino-themed social games.

3.      Playstudios maintains an electronic financial reporting system that contains the total amount of purchases by users of Playstudios' free-to-play casino-themed social games,

1

which is maintained in the ordinary course of business. The purchase data is captured at or near the time the purchases are made. As part of my job duties, I am familiar with how to obtain information from this system.

4.      I have reviewed information pulled from Playstudios' financial reporting system.

5.      According to this information, the total amount of purchases by Washington users of Playstudios free-to-play casino-themed social games from February 20, 2018 to February 20, 2024 (the relevant time period) far exceeds $75,000, and there are multiple persons who have individually spend more than $75,000 during the relevant period. In-app purchases by Washington users of Playstudios' games for that period exceeded $5,000,000.

6.      There are more than 100 Washington users who have made in-app purchases during the relevant period.

7.      Playstudios, Inc. has been erroneously identified in the Complaint as the publisher of free-to-play casino-themed social games. Playstudios, Inc. does not publish those games. Rather, they are published by its wholly-owned subsidiary Playstudios US, LLC.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on March 29, 2024, in the city of Scottsdale, Arizona, in Maricopa County.



_____
Joel Agena