FILED
2024 FEB 20 01:22 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-2-03889-2 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

TYLER KUHK, individually and on behalf of others similarly situated,

    Plaintiffs,

v.

PLAYSTUDIOS, INC., a Delaware corporation,

    Defendant.

No.

CLASS ACTION COMPLAINT

Washington law strictly regulates and controls gambling to promote the social welfare of its people, including by prohibiting companies from offering online gambling. Despite such prohibition, Defendant PLAYSTUDIOS, Inc. ("Playstudios") profits from and engages Washington consumers in internet casino-style gambling with downloadable software applications. Plaintiff Tyler Kuhk brings this case, individually and on behalf of other similarly situated consumers, against Playstudios to enjoin its operation of illegal online casino games and to recover damages. Plaintiff alleges as follows:

**I.  PARTIES & JURISDICTION**

1.1. Plaintiff Tyler Kuhk is an individual residing in King County, Washington.

CLASS ACTION COMPLAINT – 1

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

1.2. Defendant Playstudios is a corporation existing and organized under the laws of Delaware with its principal place of business at 10150 Covington Cross Drive, Las Vegas, NV 89144. Defendant does business in Washington, including in King County.

1.3. Jurisdiction over Defendant is proper as Defendant transacts business in King County, Washington.

1.4. Venue is proper under RCW 4.12.020(3) because some or all of the events giving rise to this action occurred in King County, Washington, and under RCW 4.12.025(1) because Playstudios has done and continues to do business in King County, Washington.

## II.  FACTS

2.1. The proliferation of Internet-connected mobile devices has led to the growth of "free-to-play" video games, referring to a model by which the initial download of the game is free, but companies profit by selling "in-game" items (sometimes called "micro-transactions" or "in-app purchases").

2.2. Developers of games of chance (e.g., poker, blackjack, slot machine mobile videogames, among others) utilize this in-app purchase model to generate profit by exploiting the same psychological triggers as casino operators do. Such games, despite their similarity to casinos, are not regulated at the federal level. Instead, individual states, including Washington, have set their own restrictions.

2.3. Playstudios is a "global gaming studio" with a collection of free-to-play online casino games.[1] These games are available to play on Android and Apple iOS devices as well as on personal computers through social media sites.

---

[1] *Our Story*, PLAYSTUDIOS, https://www.playstudios.com/about-us/ (last visited January 21, 2024).

CLASS ACTION COMPLAINT – 2

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

2.4. Playstudios sells in-app chips to consumers so they can play casino games online. Playstudios's games, such as myVEGAS (described as "recreat[ing] a virtual version of the Las Vegas Strip"[2]), mimic traditional casino games. For instance, Pop! Slots™ Vegas Casino Games ("Pop! Slots") and MGM Slots Live – Vegas Casino ("MGM Slots") allow consumers to wager by "spinning" a slot machine.

2.5. Playstudios has profited through these online casino games.

2.6. Consumers visiting Playstudios's casinos for the first time are awarded free chips. But once consumers lose the initial allotment, they cannot continue to play the game without buying more chips in Playstudios's electronic store.

2.7. The outcomes of Playstudios's games are based on chance. For instance, in Playstudios's slot machine games, once a consumer has pressed the "SPIN" button, no further action on their part is required.

2.8. Since 2019, Plaintiff Kuhk has been playing Playstudios's games, including Pop! Slots, on his iPhone. After losing the balance of his initial allocation of free chips, he purchased chips from the electronic store.

2.9. Thereafter, Kuhk continued playing Playstudios's games where he would wager chips for the chance of winning additional chips. Since 2019, Kuhk wagered and lost money at Playstudios's games of chance.

### III. CLASS ALLEGATIONS

3.1. This action has been brought and may properly be maintained as a class action under Civil Rules 23(a), 23(b)(2), and 23(b)(3).

---

[2] *Id.*

CLASS ACTION COMPLAINT – 3

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

3.2.    **Class Definition:** Plaintiff Kuhk brings this action on behalf of himself and all other consumers similarly situated ("the Class"), defined as follows:

> All persons in the State of Washington who purchased chips or other items of value from Playstudios, excluding Defendant's officers, directors, legal representatives, heirs, successors or assigns thereof, and any judicial officers assigned to this matter and their immediate families.

3.3.    **Numerosity:** On information and belief, the Class is so numerous that joinder of all individual members is impracticable.

3.4.    **Commonality and Predominance:** There are questions of law and fact common to the Class, and those questions predominate over any questions that may affect individual members. These include, but are not limited to: whether Playstudios games are "gambling," as defined by RCW 9.46.0237; whether Defendant is the proprietor for whose benefit the online casino games are played; whether Plaintiff and each member of the Class lost money or anything of value by gambling; whether Defendant violated Washington's Consumer Protection Act, RCW 19.86, *et seq.*; and whether Defendant has been unjustly enriched as a result of its conduct.

3.5.    **Typicality:** Plaintiff's claims are typical of the claims of the Class in that Plaintiff sustained damages arising out of the same common course of wrongful conduct and are based on the same legal and remedial theories.

3.6.    **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class. He shares the same interests as all Class members and has retained competent class counsel who are experienced in class action litigation.

3.7.    **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The harm suffered by individual members of the Class is likely to have been relatively small compared to the burden and expense of prosecuting

CLASS ACTION COMPLAINT – 4

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

individual actions. Absent a class action, it would be difficult if not impossible for the individual members to obtain effective relief. Moreover, the Court system would benefit from a class action. Individualized litigation would increase the delay and expense by requiring duplicative consideration of the legal and factual issues. Additionally, individualized litigation would present the potential for inconsistent or contradictory judgments. By contrast, the class action device presents fewer management difficulties and allows comprehensive supervision by a single court.

3.8. Defendant has acted or refused to act on grounds generally applicable to all members of the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct towards members of the Class and making final injunctive relief appropriate with respect to the Class as a whole.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### RCW 4.24.070

4.1. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

4.2. Plaintiff, members of the Class, and Defendant are all "persons" as defined by RCW 9.46.0289.

4.3. Washington's "Recovery of money lost at gambling" statute, RCW 4.24.070, provides that "all persons losing money or anything of value at or on any illegal gambling games shall have a cause of action to recover from the dealer or player winning, or from the proprietor for whose benefit such game was played or dealt, or such money or things of value won, the amount of the money or the value of the thing so lost."

CLASS ACTION COMPLAINT – 5

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

4.4. "Gambling" as defined by RCW 9.46.0237 means "staking or risking something of value upon the outcome of a contest of chance or a future contingent event not under the person's control or influence."

4.5. Defendant's "chips" sold for use in its online casino games are "thing[s] of value" under RCW 9.46.0285.

4.6. Defendant's games are illegal gambling games because players wager things of value and, by an element of chance, are able to either win chips that allow continued play or lose chips that, once gone, must be purchased back for continued play.

4.7. Defendant is the proprietor for whose benefit the online gambling games are played because it operates these games and/or derives profit from their operation.

4.8. As a direct and proximate result of Defendant's operation of its online casino games, Plaintiff Kuhk and each member of the Class have lost money playing Defendant's games of chance. Plaintiff Kuhk, on behalf of himself and the Class, seeks an order that (1) requires Defendant to cease the operation of its gambling games; and (2) awards the recovery of all lost monies and things of value, interest, and reasonable attorneys' fees, expenses, and costs to the extent allowable by law.

## SECOND CAUSE OF ACTION
### Violations of Washington's Consumer Protection Act, RCW 19.86.010, *et seq.*

4.9. Plaintiff incorporates the foregoing allegations as if fully set forth within.

4.10. Washington's Consumer Protection Act, RCW 19.86, *et seq.* ("CPA"), protects both consumers and competitors by promoting fair competition in commercial markets for goods and services. The CPA prohibits any person from using "unfair methods of competition or unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." RCW 19.86.020.

CLASS ACTION COMPLAINT – 6

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

4.11. Defendant engaged in unfair and deceptive practices with Plaintiff and each member of the Class by operating illegal online gambling games as described above.

4.12. Defendant's wrongful conduct occurred in trade and/or commerce, given that Defendant was engaged in the operation of making computer games available to the public for profit.

4.13. Defendant's actions impact the public interest because Defendant, in the course of its business, advertised to and solicited the general public in Washington state to play its unlawful online casino games of chance. This was part of a pattern or generalized course of conduct on Defendant's part, many consumers have been adversely affected by Defendant's conduct, and the public is at risk.

4.14. As a result of Defendant's conduct, Plaintiff and Class members were injured in their business or property in that they lost money and other things of value wagering on Defendant's unlawful games of chance.

4.15. Plaintiff's and the Class members' injuries would not have occurred but for Defendant's actions.

4.16. Plaintiff, on his own and on behalf of the Class, seeks to enjoin further violation and to recover actual damages and treble damages, together with the costs of suit, including reasonable attorneys' fees.

### THIRD CAUSE OF ACTION
### Unjust Enrichment

4.17. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

4.18. Plaintiff and the Class have conferred a benefit upon Defendant in the form of money and other things of value Defendant received from them for the purchase of chips to wager on its online casino games.

CLASS ACTION COMPLAINT – 7

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

4.19. Defendant appreciates and/or has knowledge of the benefits conferred upon them by Plaintiff and the Class.

4.20. Under principles of justice and equity, Defendant should not be permitted to retain the money belonging to Plaintiff and the members of the Class, unjustly obtained as a result of its unlawful operation of online gambling games.

4.21. Accordingly, Plaintiff and the Class seek full disgorgement and restitution of any money Defendant has retained as a result of the unlawful and/or wrongful conduct alleged herein.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tyler Kuhk, individually and on behalf of all others similarly situated, prays:

a) For certification of this case as a class action on behalf of the Class defined above, appointing Tyler Kuhk as representative of the Class, and appointing his counsel as Class Counsel;

b) For judgment against Defendant for actual damages suffered by Plaintiff and each member of the Class;

c) For injunctive relief under the CPA against ongoing practices contrary to law;

d) For declaratory relief against Defendant to stop its practice of operating illegal online gambling games;

e) For treble damages under RCW 19.86.090;

f) For restitution to Plaintiff and Class members in an amount to be determined at trial, and requiring disgorgement of all benefits that Defendant unjustly received;

g) For reasonable attorneys' fees and expenses;

CLASS ACTION COMPLAINT – 8

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

h)   For pre- and post-judgment interest; and

i)   For such other and further relief as equity and justice require.

DATED this 20th day of February, 2024.

SCHROETER GOLDMARK & BENDER

HONG (CHEN-CHEN) JIANG, WSBA #51914
LINDSAY L. HALM, WSBA #37141
ADAM J. BERGER, WSBA #20714

*Counsel for Plaintiff*

CLASS ACTION COMPLAINT – 9

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305